AO 106 (Rev. 01/09) Application for a Search Warrant

FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Sep 16, 2019
OFFICE OF THE CLERK

# UNITED STATES DISTRICT COURT
for the
Western District of Arkansas

In the Matter of the Search of  )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No.   6:19cm21
THE LOCATION OF CELLULAR TELEPHONE )
ASSIGNED CALL NUMBER )
501-690-9571 )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the ___Western___ District of ___Arkansas___ *(identify the person or describe property to be searched and give its location):* See "Attachment A"
This court has authority to issue this warrant under 18 U.S.C. §§ 2703(c)(1)(A) and 2711 (3)(A) and Federal Rule of Criminal Procedure 41

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*: See "Attachment B"

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of ___18___ U.S.C. § ___3583(d),922g___, and the application is based on these facts:  Supervised Release Violation; Felon in Possession of a Firearm---See attached Affidavit of DUSM Kevin Jarrell

☑ Continued on the attached sheet.
☑ Delayed notice of  30  days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Kevin Jarrell, DUSM
*Printed name and title*

Sworn to before me and signed in my presence.

Date:   09/16/2019

*Judge's signature*

City and state:  Texarkana, Texas      Hon. Caroline M. Craven, US Magistrate Judge, W.D. Ark.
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER **501-690-9571** | Case No. _____<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Deputy United States Marshal Kevin W. Jarrell, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this Affidavit in support of an Application for a Search Warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number 501-690-9571, whose service provider is VERIZON WIRELESS, a wireless telephone service provider headquartered at 1095 Avenue of the Americas, New York, NY 10036. The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. Because this search warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. *See* 18

1

U.S.C. §§ 3121-3127. The requested search warrant therefore includes all the information required to be included in an order pursuant to that statute. *See* 18 U.S.C. § 3123(b)(1).

3. I am a Deputy United States Marshal (DUSM) with the U.S. Marshal's Service, (USMS), currently assigned to the Texarkana Division of the Western District of Arkansas. I have been employed with the USMS since August 2014. As part of my daily duties as a deputy U.S. Marshal, I have both led and assisted in conducting many fugitive investigations. I have received training in the area of criminal investigations and fugitive apprehension.

4. The facts in this Affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This Affidavit is intended to show merely that there is sufficient probable cause for the requested search warrant and does not set forth all of my knowledge about this matter.

5. Based on the facts set forth in this Affidavit, there is probable cause to believe that Christopher Fugate has violated Title 18 U.S.C. §§ 3583(d). Christopher Fugate was charged with these crimes on August 23, 2019 and is the subject of an arrest warrant issued on September 5, 2019. There is also probable cause to believe that the location information described in Attachment B will assist law enforcement in arresting Christopher Fugate, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

6. The Court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a District Court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

7.      The United States is conducting a criminal investigation of Christopher Fugate regarding possible violations of 18 U.S.C. §§ 3583(d).

8.      The Honorable Susan O. Hickey, United Stated District Judge, for the Western District of Arkansas found Christopher Fugate Guilty of Distribution of More than five (5) grams of Actual Methamphetamine. On January 16, 2015, Christopher Fugate was sentenced to Sixty (60) Months in federal custody, followed by four (4) years of supervised release.  Fugate's supervision commenced on July 24, 2018.

9.      On August 23, 2019 Christopher Fugate was arrested by the Hot Springs, Arkansas Police Department after a brief pursuit and foot chase. The Hot Spring Police Department charged Christopher Fugate for committing the following offenses: Simultaneous Possession of Drugs and Firearms, Class Y Felony, Possession of Firearms by Certain Persons, Class B Felony, Possession with Purpose to Deliver a Controlled Substance, Schedule VI, Class C Felony, Unauthorized Use of Another Person's Property, Class B Felony, Fleeing on Foot, Class C Misdemeanor, Possession Drug Paraphernalia, Class D Felony, Theft by Receiving a Firearm, Class D Felony, along with multiple traffic violations.

10.     On September 3, 2019 the United States Probation Office for the Western District of Arkansas submitted a petition for a warrant for violation the following conditions of his release: Violation Number One (1) Mandatory Condition -"The defendant shall not commit another federal, state or local crime." Mandatory Condition-"The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. Standard Condition No 7. -"The defendant shall refrain from excessive use of alcohol and shall not purchase, posses,

use, distribute, or administer and controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."

11.     On September 5, 2019, a Federal Arrest Warrant was issued out of the Western District of Arkansas on Christopher Fugate, for the charges in the aforementioned violations of his federal supervised release. On this same day, I was assigned primary apprehension responsibilities in the fugitive investigation of Christopher Fugate.

12.     On September 10, 2019, surveillance was performed by USMS personnel and local law enforcement personnel in and around the Hot Springs Arkansas area in an attempt to locate Fugate. Investigators with the Hot Springs Police Department and Garland County Sheriff's Office spoke with a reliable source who knows the fugitive, and others close to the fugitive. On or about Tuesday September 10, 2019, the source advised that they contacted Christopher Fugate on the phone number 501-690-9571. The source further advised investigators that they have contacted Christopher Fugate on multiple occasions at this number. After learning this information, USMS personnel believe that 501-690-9571 is the new target number for Christopher Fugate.

13.     Based upon my training and experience as a fugitive investigator I know it is common for fugitives to speak, meet, and otherwise maintain a relationship with family members and significant others. Due to the propensity of fugitives to maintain these relationships, and based upon the previous information provided in this Affidavit, I believe it is reasonable to grant a Search Warrant for the phone of Christopher Fugate

14.     In my training and experience, I have learned that VERIZON WIRELESS is a company that provides cellular telephone access to the general public.  I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate

information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

15. Based on my training and experience, I know that VERIZON WIRELESS can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on VERIZON WIRELESS network or with such other reference points as may be reasonably available.

16. Based on my training and experience, I know that VERIZON WIRELESS can collect cell-site data about the Target Cell Phone. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as VERIZON

WIRELESS typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

## AUTHORIZATION REQUEST

17. Based on the foregoing, I request that the Court issue the proposed Search Warrant to track the target telephone for a period of 30 days, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

18. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the Search Warrant to delay notice until 30 days after the collection authorized by the Search Warrant has been completed. There is reasonable cause to believe that providing immediate notification of the Search Warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the Search Warrant, the proposed Search Warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the Search Warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

19. I further request that the Court direct VERIZON WIRELESS to disclose to the Government any information described in Attachment B that is within the possession, custody,

or control of VERIZON WIRELESS. I also request that the Court direct VERIZON WIRELESS to furnish the Government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with VERIZON WIRELESS services, including by initiating a signal to determine the location of the Target Cell Phone on VERIZON WIRELESS network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The Government shall reasonably compensate VERIZON WIRELESS for reasonable expenses incurred in furnishing such facilities or assistance.

20. I further request that the Court authorize execution of the Search Warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

21. I further request that the Court order that all papers in support of this Application, including the Affidavit and Search Warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Dated this _16_ day of _September_, 2019.

Respectfully submitted,

_____
Kevin W. Jarrell
Deputy United States Marshal
United States Marshals Service

Subscribed and sworn to before me this 16th day of September, 2019.

*/s/ Caroline M. Craven*
Hon. Caroline M. Craven
United States Magistrate Judge

8

## ATTACHMENT A

### Property to Be Searched

The cellular telephone assigned call number 501-690-9571, (the "Target Cell Phone"), whose wireless service provider is VERIZON WIRELESS, a company headquartered at 1095 Avenue of the Americas, New York, NY 10036.

Records and information associated with the Target Cell Phone that is within the possession, custody, or control of VERIZON WIRELESS.

## ATTACHMENT B

### Particular Things to be Seized

**I. Information to be Disclosed by the Provider**

All information about the location of the Target Cell Phone described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of VERIZON WIRELESS, VERIZON WIRELESS is required to disclose the Location Information to the government. In addition, VERIZON WIRELESS must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with VERIZON WIRELESS services, including by initiating a signal to determine the location of the Target Cell Phone on VERIZON WIRELESS network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate VERIZON WIRELESS for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

In addition, pursuant to 18 U.S.C. § 3123, this warrant authorizes pen-trap devices to be installed and used to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the Target Cell Phone described in Attachment A, including the date, time, and duration of the communication, and the following, without geographic limit:

- Any unique identifiers associated with the cell phone device or devices used to make and receive calls with cell phone number (870) 331-9174, including ESN, MEIN, IMSI, IMEI, SIM, or MIN
- Source and destination telephone numbers and email addresses

### II. Information to Be Seized by the Government

All information described above in Section I that will assist in arresting Christopher Fugate, who was charged with a Supervised Release Violation. Fugate is on Federal Supervision as part of his sentence stemming from a January 16, 2015 conviction for Distribution of More than 5 grams of Actual Methamphetamine in which he was sentenced to Sixty (60) months in federal custody, followed by four (4) years of supervised release. Christopher Fugate, is the subject of an arrest warrant issued on September 5, 2019, and is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).]

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.